UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CURTIS MCGOUGHY,

        Plaintiff,

v.

SARAH SCHROEDER et al.,

        Defendants.

_____/

Case No. 2:25-cv-91

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4, PageID.16.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants James, Racine, Travis, and Unknown Parties #1, #2, and #3. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against Defendants Schroeder and Perry, as well as Plaintiff's Eighth Amendment claims against Defendant Schroeder regarding the denial of medication, the refusal to allow Plaintiff to wear a shirt to the showers, and the failure to provide Plaintiff with a quartermaster order for clothes and box toe shoes. Plaintiff's Eighth Amendment claim against Defendant Schroeder regarding her refusal to address the feces on Plaintiff's cell wall and his Eighth Amendment claim against Defendant Perry for refusing to get Plaintiff help after he swallowed a toothbrush remain in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following MBP staff: Warden Sarah Schroeder, Assistant Deputy Warden Unknown James, Nurse Jennifer Racine, Sergeant Unknown Perry, Corrections Officers Unknown Travis, Corrections Officer/Quartermaster Unknown Party #1, and Corrections Officers Unknown Parties #2 and #3. Plaintiff sues Defendants in their official and personal capacities. (Am. Compl., ECF No. 5, PageID.19–20.)

In his amended complaint, Plaintiff alleges that he has a serious breathing condition for which he uses an Albuterol inhaler and Tylenol. Plaintiff states that without the use of his Albuterol, he is at risk of serious injury or death. (*Id.*, PageID.21.)

Plaintiff alleges that on August 5, 2024, he spoke to "Health Care" regarding his medication because the nurses in G-Block had been refusing Plaintiff's medication. (*Id.*) Plaintiff states that the Assistant Deputy Warden, Defendant James, told him that he would look into the situation. (*Id.*) On September 20, 2024, Plaintiff again spoke to Health Care about the G-Block nurses' refusal to provide him with his medication. Plaintiff also spoke to the Warden and the Assistant Deputy Warden, Defendants Schroeder and James, who refused to give Plaintiff his medication. (*Id.*)

Plaintiff asserts that he has mental health issues, and on February 3, 2025, he swallowed a toothbrush. (*Id.*) Plaintiff states that a non-party third shift Corrections Officer informed Defendant Perry, who responded that he did not care and to leave Plaintiff in his cell. (*Id.*)

On February 15, 2025, Plaintiff told the Warden, Defendant Schroeder, about the feces on his walls, but she refused to help Plaintiff in any way. (*Id.*) On March 20, 2025, Plaintiff asked

4

Defendant Schroeder about "G.I.D. [(gender identity dysphoria)] showers" because Plaintiff has "been know[n] as a woman"[2] and "ha[d] to go to the showers without a shirt." (*Id.*, PageID.22.) Plaintiff states that Defendant Schroeder refused to let Plaintiff go to the shower while wearing a shirt. (*Id.*)

On March 25, 2025, Plaintiff talked to Defendant Schroeder "about Quartermaster clothing and the P[risoner] C[ounselor] in E-Block," and Defendant Schroeder stated that she would give the Prisoner Counselor the Quartermaster kite. (*Id.*) Plaintiff states that he also has a detail for "box toe shoes." (*Id.*) Plaintiff states that he has never been provided with clothing or shoes. (*Id.*)

Plaintiff seeks damages for his pain and suffering.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

---

[2] Plaintiff refers to himself as "he" and "him" in the body of his complaint. (ECF No. 5, PageID.21–23.) As such, the Court uses these pronouns in this opinion.

5

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims against Individual Defendants

As noted above, Plaintiff names Defendants in both their official and personal capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the Michigan Department of Corrections (MDOC). *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Plaintiff states that he is seeking damages in this case. (ECF No. 5, PageID.23.) Therefore, Plaintiff's claims for against the individually named Defendants in their official capacities are properly dismissed

for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b), and 42 U.S.C. § 1997e(c).

**B.    Defendants Racine, Travis, and Unknown Parties #2 and #3**

Plaintiff does not make any allegations against Defendants Racine, Travis, and Unknown Parties #2 and #3 in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff fails even to mention Defendants Racine, Travis, and Unknown Parties #2 and #3 in the body of his complaint, his

7

complaint against them falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

    **C.**    **Eighth Amendment Claims against Remaining Defendants Schroeder, James, Perry, and Quartermaster Unknown Party #1**

Plaintiff claims that Defendants' actions caused him pain and suffering. (ECF No. 5, PageID.23.) The Court construes Plaintiff's amended complaint as asserting claims under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th

8

Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

### 1. Defendant Schroeder

In the body of his amended complaint, Plaintiff makes several allegations against the "Warden," and Plaintiff names Sarah Schroeder as the Warden of MBP in his list of Defendants. (ECF No. 5, PageID.19.) The Court construes Plaintiff's references to the "Warden" in the body of the amended complaint to be references to Defendant Schroeder.

Initially, Plaintiff asserts that on September 20, 2024, he spoke to Defendant Schroeder regarding the nurses' refusal to give him his medication. (*Id.*, PageID.21.) Plaintiff does not explain what medication the nurses were refusing to give him or describe the symptoms he was experiencing. Nor does Plaintiff state that he suffered any harm as a result of the nurses' refusal to give him his medication. (*Id.*) Plaintiff's conclusory assertion that Defendant Schroeder failed to intervene on his behalf and force nurses to give him his medication fails to state a claim.

Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Moreover, the Court notes that administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' inadequate care. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 895 (6th Cir. 2018) (custody officer entitled to rely on medical provider's judgment); *Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))); *see also Newberry v. Melton*, 726 F. App'x 290, 296–97 (6th Cir. 2018) (same); *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *21–22 (E.D. Ky. June 9, 2006) (holding that prison administrative officials were not liable for overseeing and second-guessing care given by medical officials) (citing *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989)).

Plaintiff also states that on February 15, 2025, he told Defendant Schroeder about feces on his walls, but she refused to help Plaintiff in any way. (ECF No. 5, PageID.21.) Plaintiff does not allege any facts specifically describing the extent of the feces on his walls, nor is it clear how long Plaintiff was confined in that particular cell. According to Plaintiff's complaint, he resided on G-Block on September 20, 2024. Plaintiff allegedly spoke to Defendant Schroeder about the feces on February 15, 2025. (*Id.*) Plaintiff states that when he spoke to Defendant Schroeder about the Quartermaster clothing on March 25, 2025, he was residing in E-Block. (*Id.*, PageID.22.) It is not clear if Plaintiff was moved from G-Block to E-Block before or after his complaint about the feces. Nor does Plaintiff state whether he was provided with cleaning materials at any point or state that he suffered any adverse effects to his health as a result of the alleged feces on his walls.

The Court notes that conditions that constitute relatively minor and temporary inconveniences do not violate the Eighth Amendment. *See Foster v. Ohio*, No. 1:16-cv-920, 2018 WL 6726965, at *14 (S.D. Ohio Dec. 21, 2018) (recognizing that "'the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while *substantial* deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration.'") (emphasis in original; further internal quotations omitted) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (holding that both the length of exposure and the severity of the deprivation are important factors in evaluating the seriousness of the deprivation)). Plaintiff's somewhat conclusory allegation that there were feces on the wall does not necessarily rise to the level of filth described in *Taylor v. Riojas*, 141 S. Ct. 52 (2020), where feces covered the walls and floors and were packed into the water faucet. However, at this early stage of the litigation, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Schroeder regarding the feces on his walls.

Plaintiff refers to himself as "he" or "him" in the amended complaint, but makes a conclusory assertion that he is known "as a woman" and that Defendant Schroeder refused his March 20, 2025, request for permission to wear a shirt to the showers. (ECF No. 5, PageID.22.) Plaintiff does not make any other allegations regarding this claim. As noted above, in order to state an Eighth Amendment claim, Plaintiff must allege that he faced a sufficiently serious risk to his health or safety and that Defendant Schroeder was deliberately indifferent to that risk. *Mingus*, 591 F.3d at 479–80 (citing *Farmer*, 511 U.S. at 834); *see also Helling*, 509 U.S. at 35. Plaintiff fails to allege any facts showing that Defendant Schroeder's refusal to allow him to wear a shirt to the shower posed a serious risk to his health or safety. Therefore, this claim is properly dismissed.

11

Finally, Plaintiff asserts that on March 25, 2025, he spoke to Defendant Schroeder about his need for clothing and box toe shoes. (ECF No. 5, PageID.22.) Plaintiff asserts that Defendant Schroeder stated that she would give the Prisoner Counselor his Quartermaster kite, but Plaintiff has never been provided with clothing or shoes. (*Id.*) Plaintiff's claim that this conduct violated his Eighth Amendment rights is entirely conclusory. Plaintiff fails to allege any facts showing that Defendant Schroeder purposely denied him his quartermaster order or that absent new clothes and shoes he was subjected to conditions which posed a risk to his health or safety. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

The Court concludes that, for the reasons stated above, Plaintiff's Eighth Amendment claims against Defendant Schroeder regarding the denial of medication, the refusal to allow Plaintiff to wear a shirt to the showers, and the failure to provide Plaintiff with a quartermaster order for clothes and box toe shoes will be dismissed. However, Plaintiff's individual capacity Eighth Amendment claim against Defendant Schroeder regarding her refusal to address the feces on Plaintiff's cell wall will remain in the case.

### 2.     **Defendant James**

As with Defendant Schroeder, Plaintiff fails to specifically name Defendant James in the body of his amended complaint, but makes several allegations against the "Assistant Deputy Warden," and names Unknown James as the Assistant Deputy Warden of MBP in his list of Defendants. (ECF No. 5, PageID.19.) Plaintiff alleges that on August 5, 2024, Assistant Deputy Warden, Defendant James, was aware of the fact that G-Block nurses had been denying him his medication and told Plaintiff that he would look into the situation. (*Id.*, PageID.21.) On September 20, 2024, Plaintiff again spoke to Defendant James, along with Defendant Schroeder, about the nurses' refusal to give him his medication. As noted in the discussion of Plaintiff's claim against

12

Defendant Schroeder, Plaintiff does not specify what medication the nurses were refusing to give him or describe his symptoms, nor does Plaintiff state that he suffered any harm as a result of the nurses' denial of his medication. (*Id.*) Therefore, Plaintiff's conclusory assertion that Defendant James failed to intervene on his behalf and force nurses to give him his medication fails to state a claim. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Moreover, as with Defendant Schroeder, Plaintiff does not assert that Defendant James is a medical professional. As noted above, administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' inadequate care. *See Winkler*, 893 F.3d at 895; *Smith*, 505 F. App'x at 532; *see also Newberry*, 726 F. App'x at 296–97; *Cuco*, No. 05-CV-232-KSF, 2006 WL 1635668, at *21–22. Therefore, Plaintiff's claim against Defendant James is properly dismissed.

### 3. **Defendant Perry**

Plaintiff asserts that he has mental health issues and on February 3, 2025, he swallowed a toothbrush. (ECF No. 5, PageID.21.) Plaintiff states that the third shift Corrections Officer informed Defendant Perry of Plaintiff's action, but Defendant Perry responded that he did not care and to leave Plaintiff in his cell. (*Id.*) Plaintiff fails to state whether he suffered any harm as a result of this conduct. However, at this early stage in the litigation, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Perry.

### 4. **Defendant Quartermaster Unknown Party #1**

As noted above, Plaintiff asserts that he gave Defendant Schroeder a kite for the Quartermaster, named as Unknown Party #1, on March 25, 2025. (ECF No. 5, PageID.22.) Plaintiff states that despite this fact, he has never been provided with clothing or shoes. (*Id.*) Plaintiff's claim that Defendant Unknown Party #1 violated his Eighth Amendment rights is

entirely conclusory. Plaintiff fails to allege any facts showing that Defendant Unknown Party #1 purposely denied him his quartermaster order or that absent receiving new clothes and shoes he was subjected to conditions which posed a risk to his health or safety. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that Defendants James, Racine, Travis, and Unknown Parties #1, #2, and #3 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against Defendants Schroeder and Perry, as well as Plaintiff's Eighth Amendment claims against Defendant Schroeder regarding the denial of medication, the refusal to allow Plaintiff to wear a shirt to the showers, and the failure to provide Plaintiff with a quartermaster order for clothes and box toe shoes. Plaintiff's Eighth Amendment claim against Defendant Schroeder in her individual capacity regarding her refusal to address the feces on Plaintiff's cell wall and his Eighth Amendment claim against Defendant Perry in Perry's individual capacity for refusing to get Plaintiff help after he swallowed a toothbrush remain in the case.

An order consistent with this opinion will be entered.

Dated:   September 19, 2025                     /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                United States Magistrate Judge